UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BALTIERRA,<br><br>    Plaintiff,<br><br>  v.<br><br>WARDEN – NORTH KERN STATE PRISON,<br><br>    Defendant. | Case No. 1:21-cv-01723-DAD-HBK<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL<br><br>(Doc. No. 12) |

  Plaintiff James Baltierra is a current state prisoner proceeding *pro se* and *in forma pauperis* on his complaint filed pursuant to 42 U.S.C. § 1983. (Doc. No. 1, 10). Pending before the Court is Plaintiff's motion to appoint counsel. (Doc. No. 12).

  The United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases). This Court has discretionary authority under 28 U.S.C. § 1915 to appoint counsel for an indigent to commence, prosecute, or defend a civil action. *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted). However, motions to appoint counsel in civil cases are granted only in

"exceptional circumstances." *Id.* at 1181.  The Court may consider many factors to determine if exceptional circumstances warrant appointment of counsel including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved.  *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998). The Court "is not required to articulate reasons for denying appointment of counsel if the reasons are clear from the record." *Johnson v. United States Dept. of Treasury*, 939 F.2d 820, 824 (9th Cir.1991).

Plaintiff seeks appointment of counsel because (1) he is unable to afford an attorney; and (2) contends that under California Rules of Court, rule 4.551(c)(2), the court must appoint him counsel when it issues an order to show cause.  (Doc. No. 12 at 1).

The Court finds Plaintiff does not demonstrate exceptional circumstances.  Plaintiff's indigence does not qualify "as an exceptional circumstance in a prisoner civil rights case." *Montano v. Solomon*, 2010 WL 2403389, at *2 (E.D. Cal. June 11, 2010); *Callender v. Ramm*, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018).  Although Plaintiff is proceeding *pro se* and is incarcerated, he faces the same obstacles all *pro se* prisoners face.  Challenges prosecuting a case, such as law library access, "are ordinary for prisoners pursuing civil rights claim" and cannot form the basis for appointment of counsel.  *Courtney v. Kandel*, 2020 WL 1432991, at *1 (E.D. Cal. Mar. 24, 2020).  If Plaintiff's incarceration was an exceptional circumstance, then nearly every prisoner would be entitled to counsel.  Contrary to Plaintiff's assertion, the Court does not find the issues in this case are "so complex that due process violations will occur absent the presence of counsel." *Bonin v. Vasquez*, 999 F.2d 425, 428–29 (9th Cir. 1993).  While the assistance of counsel during trial may be helpful, the "relevant consideration is not one of convenience" but rather exceptionalness.  *Howard v. Hedgpeth*, 2010 WL 1641087, at *2 (E.D. Cal. Apr. 20, 2010).  Plaintiff's inability thus far to find counsel is "not a proper factor for the Court to consider in determining whether to request counsel."  Finally, state court rules, such as

California Rules of Court, rule 4.511(c)(2)[1] are not controlling on this federal court.  Should this case progress and Plaintiff's circumstances change sot that he is able to demonstrate exceptional circumstances, he may renew his motion for appointment of counsel at that time.[2]

Accordingly, it is **ORDERED**:

Plaintiff's motion to appoint counsel (Doc. Nos. 12) are DENIED without prejudice.

Dated:     April 5, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[1] In addition to not being controlling on this Court, California Rules of Court, rule 4.511(c)(2) applies to habeas corpus cases.  Plaintiff is not proceeding under a habeas corpus petition but filed civil rights action pursuant to 42. U.S.C. § 1983.  As a result, any rules specific to habeas corpus petitions are not applicable for Plaintiff's claim.

[2] Plaintiff is welcome to view the resources for *pro se* litigants available at https://prose.cacd.uscourts.gov/.  While the website is specific to our neighboring Central District of California, it nonetheless contains information helpful for guiding *pro se* litigants in the Eastern District.

3