UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BALTIERRA,<br><br>  Plaintiff,<br><br>  v.<br><br>WARDEN NORTH KERN STATE PRISON, JOHN DOE,<br><br>  Defendants. | Case No. 1:21-cv-01723-ADA-HBK (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND GRANTING REQUEST FOR CASE STATUS<br><br>(Doc. No. 15) |

Pending before the Court is Plaintiff's motion requesting appointment of counsel and a case status. (Doc. No. 15). Plaintiff, a prisoner, is proceeding pro se and *in forma pauperis* on his initial complaint filed under 42 U.S.C. § 1983. (Doc. Nos. 1, 10).

The Court has previously denied Plaintiff appointment of counsel on April 6, 2022. (Doc. No. 12). As previously explained in the April 6, 2022 order, the United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases). Under 28 U.S.C. § 1915, this court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a civil action. *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for

motions to appoint counsel in civil cases) (other citations omitted). However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181. The court may consider many factors to determine if exceptional circumstances warrant appointment of counsel including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved. *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

Plaintiff has not met his "burden of demonstrating exceptional circumstances.*"* *Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014). Plaintiff explains that his movement at Pelican Bay State Prison is restricted at times, and he may not always have access to the law library. (Doc. No. 15 at 2). However, "[p]risoners have a right to meaningful access to the courts, but there is no absolute right to use a prison law library." *Springfield v. Khalit*, 2018 WL 5980155, at *3 (E.D. Cal. Nov. 14, 2018) (*citing Lewis v. Casey*, 518 U.S. 343, 346 (1996)). Plaintiff also appears to argue that the Court should appoint him counsel because he has limited legal knowledge. (Doc. No. 15 at 2-3). While the Court is sympathetic that Plaintiff is not an attorney and does not have the same legal education as an attorney, he is experiencing the same challenges faced by pro se litigants and such normal challenges do not warrant the appointment of counsel. *Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020) (denying appointment of counsel because the plaintiff's "circumstances were not exceptionally different from the majority of the challenges faced by *pro se* litigants.").

While this case is early in its procedural posture, Plaintiff has capably filed motions and a complaint. Plaintiff has not showed exceptional circumstances warrant appointment of counsel at this stage of the proceedings. Should this case progress and plaintiff's circumstances change so that he is able to demonstrate exceptional circumstances, he may renew his motion for appointment at counsel at that time.

As Plaintiff recognizes in his Motion, this Court has "one of the heaviest caseloads in the nation," and due to unfilled judicial vacancies, which is further exacerbated by the Covid-19 pandemic, operates under a declared judicial emergency. *See* Amended Standing Order in Light

2

of Ongoing Judicial Emergency in the Eastern District of California.  The Court endeavors to handle all cases that come before it as expeditiously as possible.  A screening order on Plaintiff's complaint will be issued in due course.

Accordingly, it is **ORDERED**:

1. Plaintiff's motion for appointment of counsel (Doc. No. 15) is DENIED.

2. Plaintiff's motion for case status (Doc. No. 15) is GRANTED to the extent that the Court will screen the complaint in due course.

Dated:     September 15, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3