UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BALTIERRA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WARDEN NORTH KERN STATE PRISON, et al.,<br><br>　　　　Defendants. | Case No. 1:21-cv-01723-ADA-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. No. 17) |

Plaintiff is proceeding pro se and in forma pauperis on his complaint filed under 42 U.S.C. § 1983. (Doc. No. 1). Pending before the Court is Plaintiff's motion requesting appointment of counsel filed on March 23, 2023. (Doc. No. 17). Plaintiff requests the Court appoint him Counsel because he has a serious infection that began October 2022. (*Id*. at 2-4). As a result, Plaintiff is prescribed oral antibiotics and has multiple medical appointments which sometimes result in extended hospitalization. (*Id*. at 3-4). Plaintiff's "last hospital trip was 5 months."[1] (*Id*. at 4). Finally, Plaintiff currently has unspecified restrictions that resulted from his infection. (*Id*. at 3).

The United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not

---

[1] It is unclear if Plaintiff is saying his last trip to the hospital was five months ago or that he was hospitalized for five months.

1  create a right to appointment of counsel in civil cases).  Under 28 U.S.C. § 1915, this court has
2  discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a
3  civil action.  *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for
4  people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir.
5  1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other
6  citations omitted).  However, motions to appoint counsel in civil cases are granted only in
7  "exceptional circumstances."  *Id.* at 1181.  The court may consider many factors to determine if
8  exceptional circumstances warrant appointment of counsel including, but not limited to, proof of
9  indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his
10 or her claims *pro se* in light of the complexity of the legal issues involved.  *Id.*; *see also Rand v.*
11 *Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en*
12 *banc*, 154 F.2d 952 (9th Cir. 1998).

13      Plaintiff has not met his "burden of demonstrating exceptional circumstances*.*" *Jones v.*
14 *Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014).  Plaintiff has not specified how his
15 medical condition, the infection, will impede him from prosecuting his case.  *See Samuel v.*
16 *United States*, 2019 WL 3318532, at *1 (E.D. Cal. Jul. 24, 2019).  Moreover, despite Plaintiff's
17 medical appointments, a review of the docket indicates Plaintiff has filed multiple motions
18 requesting an appointment of counsel demonstrating his ability to properly litigate his case
19 despite his medical condition.  *See Brown v. Reif*, 2019 WL 989874, at *2 (E.D. Cal. Mar. 1,
20 2019) (denying appointment of counsel where the plaintiff's filing demonstrate ability to properly
21 litigate case despite mental illness).

22      Plaintiff also complains about the delay in screening his Complaint and believes his case
23 is stayed.  (Doc. No. 17 at 5).  The Court advises Plaintiff that his case is not stayed.  The Court
24 recognizes Plaintiff's frustration with the delay in screening in his Complaint.  Courts possess
25 inherent authority not governed "by rule or statute, but by control necessarily vested in courts to
26 manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Dietz*
27 *v. Bouldin*, 579 U.S. 40, 45 (2016) (citations omitted).  And while this Court endeavors to handle
28 all matters as expeditiously as possible, it has "one of the heaviest caseloads in the nation" and

operates under a declared judicial emergency due to unfilled judicial vacancies, which is further exacerbated by the Covid-19 pandemic. *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California. The Court this same day issued a screening order on Plaintiff's Complaint advising him of the applicable caselaw and providing him an opportunity to cure his pleading deficiencies and file an amended complaint.

Accordingly, it is **ORDERED**:

Plaintiff's motion for appointment of Counsel (Doc. No. 17) is DENIED.

Dated: April 18, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3