UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BALTIERRA,<br><br>              Plaintiff,<br><br>   v.<br><br>KELLY SANTORO, et al.,<br><br>             Defendants. | Case No.  1:21-cv-01723-ADA-HBK (PC)<br><br>ORDER DIRECTING CLERK TO REJECT PLAINTIFF'S CONSTRUED REQUEST FOR CLERK'S DEFAULT<br><br>(Doc. No. 23) |

      On October 23, 2023, Plaintiff filed a construed motion titled for default.  (Doc. No. 23). In his motion, Plaintiff requests that the Court grant his claims against the Defendants because they timely failed to respond to his first amended complaint which he filed on June 8, 2023.  (*Id*.). Liberally construed Plaintiff requests that the Clerk enter a clerk's default against Defendants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

      By way of background, Plaintiff, James Baltierra is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action brought under 42 U.S.C. § 1983.  On June 8, 2023, Plaintiff filed a First Amended Complaint in response to the Court's April 18, 2023 Screening Order.  (Doc. No. 23).  As of the date of this Order, the Court has not screened Plaintiff's First Amended Complaint as required by 28 U.S.C. §1915A.

      If a defendant fails to plead or otherwise defend an action after being properly served with a summons and complaint, a default judgment may be entered pursuant to Federal Rule of Civil

1

Procedure 55(a). Rule 55 requires a "two-step process" that consists of (1) seeking the clerk's entry of default and (2) filing a motion for entry of default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986); *see Symantec Corp. v. Global Impact, Inc*., 559 F.3d 922, 923 (9th Cir. 2009) (noting "the two-step process of 'Entering a Default' and 'Entering a Default Judgment'"). In a prisoner civil rights case, screening of the complaint is a prerequisite to seeking a default or default judgment. *See Jackson, Jr. v. Monterey Cnty. Jail,* 2008 WL 269472, at *2 (N.D. Cal. Jan. 29, 2008), *aff'd sub nom. Jackson v. Monterey Cnty. Jail*, 407 F. App'x 119 (9th Cir. 2010). *See also* Doc. No. 2 at 3, III (advising Plaintiff that the Court must first screen any complaint brought by prisoner before a defendant is served and directed to respond).

After screening, a plaintiff may request entry of default from the Clerk of Court if no defendant responds after being so ordered by the court; and, after entry of default is entered, the plaintiff may file a motion for default judgment. As noted above, the undersigned has not yet screened Plaintiff's First Amended Complaint. Thus, no Defendant has failed to timely respond to Plaintiff's First Amended Complaint. Consequently, Plaintiff's request for entry of clerk's default is premature. *See Whitley v. Webs,* 2015 WL 5184971, at *2 (N.D. Cal. Sept. 4, 2015).

Accordingly, it is **ORDERED:**

The Clerk shall reject Plaintiff's construed request for a Clerk's default (Doc. No. 23).

Dated:     October 4, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2