UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BALTIERRA,<br><br>          Plaintiff,<br><br>     v.<br><br>KELLY SANTORO, et al.,<br><br>          Defendants. | Case No. 1:21-cv-01723-NODJ-HBK (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>ORDER DIRECTING CLERK TO PROVIDE COURTESY COPY<br><br>(Doc. No. 27)<br><br>JANUARY 30, 2024 DEADLINE |

Pending before the Court is Plaintiff James Baltierra's motion for extension of time, constructively filed on November 27, 2023.[1] (Doc. No. 27). Plaintiff seeks an extension of time of "a few months" to respond to the Court's Screening Order dated October 23, 2023 ("Screening Order"). (*Id*. at 3). Plaintiff asserts he needs additional time due to limited access to the law library, lockdowns, and constraints on his time due to physical therapy appointments and his medical condition. (*Id*.). Also contained within Plaintiff's Motion are a request for appointment of counsel and a request for a copy of his first amended complaint ("FAC"). (*Id*. at 3-4). For reasons set forth below, the Court will grant Plaintiff's Motion for Extension of Time, deny

---

[1] Although docketed on December 1, 2023, the Court affords Plaintiff, a prisoner, the benefit of the mailbox rule and deems the motions filed on the date he certifies he delivered the motion to correctional officials for mailing.

1

appointment of counsel, and grant the request for a one-time courtesy copy of the FAC.

## MOTION FOR EXTENSION OF TIME

The Court may grant an extension of time "with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). The Court finds good cause to grant the extension. Plaintiff must deliver his response to the Court's Screening Order to correctional officials no later than January 30, 2024.

## MOTION FOR APPOINTMENT OF COUNSEL

The United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases). Under 28 U.S.C. § 1915, this court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a civil action. *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted). However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181. The court may consider many factors to determine if exceptional circumstances warrant appointment of counsel including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* considering the complexity of the legal issues involved. *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

Plaintiff has not met his "burden of demonstrating exceptional circumstances.*" Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014). Normal challenges faced by pro se litigants do not warrant appointment of counsel. *Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020) (denying appointment of counsel because the plaintiff's "circumstances were not exceptionally different from the majority of the challenges faced by *pro se* litigants.") Plaintiff's lack of legal training and limited access to the law library are insufficient to establish exceptional

1  circumstances.  Nor does Plaintiff likelihood of success on the merits weigh in favor of
2  appointing counsel.  While adequately articulated, Plaintiff's initial Complaint and FAC failed to
3  set forth sufficient factual allegations to state a claim and Plaintiff has provided no indication he
4  will be able to cure those deficiencies.  Thus, Plaintiff has not demonstrated exceptional
5  circumstances that warrant appointment of counsel at this stage of the proceedings.

**MOTION FOR COPIES**

As a rule, a request for a copy of any pleading should be directed to the clerk's office, not to the court via a motion.  Plaintiff is reminded that "proceeding *in forma pauperis* does not entitle a party to the waiver of anything other than court filing fees." *Martin v. McNut*, 2011 WL 4543039, at *1 (E.D. Cal. Sept. 28, 2011).  Nor does plaintiff's *pro se* or prisoner status entitle him to receive complimentary copies. *Blair v. CDCR*, 2018 WL 1959532, at *6 f. 2 (E.D. Cal. Apr. 25, 2018).  Consistent with statute, the clerk provides copies of documents and the docket sheet at $0.50 per page.  *See* 28 U.S.C. § 1914.  Checks in the exact amount are payable to "Clerk, USDC."

As a one-time courtesy the Court will direct the clerk to provide Plaintiff with a copy of his First Amended Complaint. To the extent Plaintiff wishes to obtain a copy of any other pleadings, he is required to forward a check in the appropriate amount to the clerk with his request for the same.

Accordingly, it is hereby **ORDERED**:

1. Plaintiff's motion for extension of time (Doc. No. 27) is GRANTED to the extent Plaintiff shall deliver his response to the Screening Order to correctional officials for mailing **no later than January 30, 2024**;

2. If Plaintiff's fails to timely file a response to the Court's Screening Order the undersigned will recommend the district court dismiss this action for Plaintiff's failure to prosecute this action and/or failure to comply with a court order;

3. Plaintiff's motion for appointment of counsel (Doc. No. 27) is DENIED;

4. Plaintiff's motion for copy of his First Amended Complaint is GRANTED to the extent that the Clerk of Court is directed to provide Plaintiff with a one-time courtesy

copy of his First Amended Complaint (Doc. No. 22).  Should Plaintiff request copies of any further pleadings he must direct his request directly to the Clerk of Court and pay the appropriate fee.

Dated:     December 4, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE