UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BALTIERRA,<br><br>              Plaintiff,<br><br>       v.<br><br>WARDEN OF NORTH KERN STATE PRISON, et al.,<br><br>              Defendants. | Case No.  1:21-cv-01723-KES-HBK (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR MISCELLANEOUS RELIEF**<br><br>(Doc. No. 32) |

Pending before the Court is Plaintiff's pleading titled, "Motion to Appeal Denial of Amended Civil Claim and Request a Judicial Misconduct on All Parties at Eastern District Court Involved in Said Case Except Present Judge, Request Extension of Time to Appeal" filed on April 2, 2024.  (Doc. No. 32).  Liberally construed, it appears Plaintiff wishes to appeal the undersigned's Findings and Recommendations to dismiss this case that were issued on March 4, 2024 or alternatively receive instructions from the Court on how to file an appeal.  (*Id*. at 1-2).  Additionally, Plaintiff states he wishes to file a judicial misconduct complaint against "all parties . . . that handled my case."  (*Id*. at 2).

Until all parties in this case consent to magistrate judge jurisdiction, the undersigned may not enter a final, appealable order of dismissal.  *See, e.g.,* 28 U.S.C. 636(b)(1)(A); *see also In re San Vicente Medical Partners Ltd*., 865 F.2d 1128 (9th Cir. 1989).  Here, all parties have not consented and thus this case remains pending for final adjudication by a U.S. district judge.

1

Thus, to the extent Plaintiff seeks to appeal the Findings and Recommendations, any appeal would be premature because the Findings and Recommendations are not a final, appealable order. *See Serine v. Peterson*, 989 F.2d 371, 373 (9th Cir. 1993). In the alternative, the Court liberally construes Plaintiff's Motion to Appeal as objections to the undersigned's March 4, 2024 Findings and Recommendations for consideration by the district judge.

To the extent Plaintiff seeks advice from the Court, the Court declines to do so. "[F]ederal district judges have no obligation to act as counsel or paralegal to pro se litigants. Requiring district courts to advise pro se litigants [on how to file claims] would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 226 (2004). The Court advises pro se Plaintiff that appeals are governed by the Federal Rules of Appellate Procedure. Specifically, Rule 3 governs the filing of a notice of appeal. Fed. R. Civ. P. 3.

Likewise, if Plaintiff wishes to file a claim of judicial misconduct, he must separately file a claim in accordance with the Ninth Circuit's Local Rules for Misconduct Proceedings. A judicial misconduct complaint "must contain a concise statement that details the specific facts on which the claim of misconduct or disability is based." Judicial–Conduct Rule 6(b); *see also* 28 U.S.C. § 351(a). Plaintiff is advised that adverse rulings by a judge, standing alone, are not proof of misconduct. *See In re Complaint of Judicial Misconduct*, 583 F.3d 598, 598 (9th Cir. 2009).

Accordingly, it is hereby ORDERED:

Plaintiff's Motion to Appeal (Doc. No. 32), construed as a motion for miscellaneous relief, is **DENIED**. Alternatively, the Motion is construed as objections to the undersigned's March 4, 2024 Findings and Recommendations for consideration by the district judge.

Dated: April 8, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2